PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME SANDOVAL, | ) | |
| | ) | CASE NO. 4:12CV0093 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Jaime Sandoval filed this *Bivens*[1] action against Defendants Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Warden M. Pugh, NEOCC Assistant Warden D. Johnson, NEOCC Physician Ruppeka, NEOCC Medical Administrator D. Hivner, and NEOCC Physician's Assistant Hall.  In the Complaint (ECF No. 1), Plaintiff alleges he has been denied appropriate medical care.  He seeks declaratory, injunctive, and monetary relief.

## I.  Background

Plaintiff is a federal inmate incarcerated at NEOCC, a prison owned and operated by CCA. Plaintiff states he has a "serious medical problem around [his] genital area."  ECF No. 1 at 5.  He

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  While Plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of state law.  Plaintiff is a federal prisoner in the custody of the Bureau of Prisons ("BOP").  *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:12CV0093)

claims he has been given over the counter anti-itch or anti-fungal cream but this medication has not resolved his problem.  *See* ECF No. 1 at 6.  He asserts Defendants' continued "failure to employ additional diagnostics, techniques, such as skin specialists or additional forms of treatments" amounts to deliberate indifference to his medical needs.  ECF No. 1 at 6.

Plaintiff raised this issue with NEOCC on several occasions.  He filed an Informal Resolution on July 27, 2011,  asserting  he had a "severe infectional problem around his genital area."  ECF No. 1-1 at 11.  He claimed the creams given to him by the NEOCC Medical Department were not helping and antibiotics were necessary to resolve the problem.  *See* ECF No. 1-1 at 11.

NEOCC Nurse M. Sanzenbacher responded to this filing, noting Plaintiff had been seen by NEOCC Medical Staff for this issue on at least 11 occasions in 2010 and 2011.  *See* ECF No. 1-1 at 10-11.  Nurse Sanzenbacher noted Defendant NEOCC Physician Ruppeka examined Plaintiff in August 2010 and prescribed an anti-fungal medication, miconazole.  She further noted that Plaintiff had been examined by NEOCC medical staff  in February and May 2011 and given the anti-fungal medication clotrimazole on both occasions.  Nurse Sanzenbacher then denied Plaintiff's Informal Resolution, stating "[y]ou have been seen multiple times regarding the itchy areas on your penis, and treated each time with creams by the nurses, Doctor, & PA Hall."  ECF No. 1-1 at 10.

Plaintiff promptly filed a Grievance.  *See* ECF No. 1-1 at 8.  He stated he was not disputing the fact that he had received medical attention, but claimed his condition had not been diagnosed or treated properly and had become a severe infection that required "more than [ ] just the cream provided."  ECF No. 1-1 at 8.  He requested Defendants conduct a more complete examination (including blood work and screening) and prescribe a full course of antibiotics.  Furthermore,

(4:12CV0093)

Plaintiff expressed concern his condition was contagious and could be spread to other inmates. *See* ECF No. 1-1 at 8.

Plaintiff's Grievance was denied by NEOCC Grievance Officer S. Daugherty as untimely, and Plaintiff appealed. *See* ECF No. 1-1 at 9. On August 10, 2011, Defendant NEOCC Warden M. Pugh rejected Plaintiff's appeal, agreeing with the Grievance Officer that Plaintiff's Grievance was untimely. *See* ECF No. 1-1 at 7. Plaintiff then filed a Regional Administrative Remedy Appeal. *See* ECF No. 1-1 at 4-6. This appeal was denied by the BOP Privatization Management Branch, on the grounds that "THIS ISSUE IS NOT APPEALABLE TO THE BOP" and must be raised via the grievance procedures at NEOCC. ECF No. 1-1 at 2. Plaintiff appealed again, this time to the BOP Central Office. *See* ECF No. 1-1 at 3. This appeal was also denied on the grounds that Plaintiff's allegations of inadequate medical care were not appealable to the BOP and must be raised through NEOCC's grievance procedures. *See* ECF No. 1-1 at 1.

Plaintiff claims he continues to experience daily pain and suffering associated with the genital condition described above. He filed the instant Complaint (ECF No. 1) on January 13, 2012, alleging that Defendants have been, and continue to be, deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also asserts federal claims for violations of the Due Process Clause and 28 C.F.R. § 541.12, as well as a state law negligence claim.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

3

(4:12CV0093)

relief can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

(4:12CV0093)

### III.  Law and Analysis

**A.  Proper Parties and Claims**

In his Complaint, Plaintiff states causes of action against Defendant CCA and Defendants Pugh, Johnson, Ruppeka, Hivner and Hall, in both their official and individual capacities.  *See* ECF No. 1 at 3-4.

**1.  CCA**

Defendant CCA is not a proper party to this action.  Defendant CCA, which owns and operates NEOCC, is a private corporation under contract with the BOP.  The Supreme Court has expressly held that a private corporation cannot be sued for damages under *Bivens*.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001).  Thus, Plaintiff's claims against Defendant CCA fail to state claims upon which relief may be granted and are, therefore, dismissed pursuant to § 1915(e).

**2.  Official Capacity Claims**

Plaintiff's official capacity claims against Defendants Pugh, Johnson, Ruppeka, Hivner, and Hall must be dismissed as well.  These claims are necessarily construed as claims against NEOCC and, thus, CCA.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851-52 (N.D. Ohio 2007).  Because claims against CCA are barred, Plaintiff's claims against these Defendants in their official capacities as agents of NEOCC (and, thus, CCA) are also subject to summary dismissal under § 1915(e).

(4:12CV0093)

### 3.    Individual Capacity Claims

Plaintiff's individual capacity claim against Defendant Pugh as NEOCC Warden is also dismissed.  This claim against Defendant Pugh appears to be based on Pugh's rejection of Plaintiff's Grievance.  It is well-established that a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  *See, e.g. Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Alder v. Corr. Med. Servs.*, 73 Fed.Appx. 839, 841 (6th Cir. 2003) (finding that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See, e.g. Shehee*, 199 F.3d at 300; *Martin v. Harvey*, 14 Fed.Appx. 307, 309 (6th Cir. 2001) (finding that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care").  Thus, where the only specific allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the denial of medical treatment.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

Plaintiff also appears to allege that Defendants Pugh, Johnson, and Hivner are liable in their individual capacities based on their supervisory roles as NEOCC Warden, Assistant Warden, and Medical Administrator, respectively.  The theory of *respondeat superior*, however, does not apply in *Bivens* suits to impute liability onto supervisory personnel.  *See Shehee*, 199 F.3d at 300.  To establish liability of a supervisor, a plaintiff must show, at a minimum, "that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Id*.  Such liability "must be based on active unconstitutional behavior" and

6

(4:12CV0093)

cannot be based on the mere right to control employees.  *Id*.  A plaintiff must demonstrate that a

supervisory defendant  "did more than play a passive role in the alleged violation or showed mere

tacit approval of the goings on."  *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied

a grievance or failed to act based upon information contained in a grievance.  *See Shehee*, 199 F.3d

at 300; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

In the instant case, Plaintiff alleges generally that Defendants Pugh, Johnson, and Hivner

should be held liable for the conduct of their subordinates because they "knew[ ] about the conduct

and facilitate[d] it, approve[d] it, condone[d] it, and turn[ed] a blind eye for fear of what they might

see."  ECF No. 1 at 7.  Plaintiff fails, however, to allege any specific instances of "active

unconstitutional behavior" on the part of these Defendants relating to his alleged denial of medical

care.  In the absence of any such allegations, the Court finds Plaintiff has failed to establish any

grounds to impose supervisory liability upon these Defendants.  Accordingly, the Court concludes

that Plaintiff's individual capacity claims against Defendants Pugh, Johnson, and Hivner fail to state

claims upon which relief may be granted and are subject to dismissal under § 1915(e).

In addition, Plaintiff's Eighth Amendment individual capacity claims against Defendants

Pugh, Johnson, Ruppeka, Hivner and Hall for deliberate indifference to Plaintiff's serious medical

needs must also be dismissed for failure to state a claim in light of the Supreme Court's recent

decision in *Minneci v. Pollard*, --- U.S. ---, 132 S.Ct. 617 (2012).  In that case, the Supreme Court

held a federal prisoner could not assert a *Bivens* claim for deliberate indifference to serious medical

needs under the Eighth Amendment because California state tort law provided an "alternative,

7

(4:12CV0093)

existing process" capable of protecting the constitutional interests at stake.  *Id*. at 623, quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).  In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio.  *Id*. at 624.  *See, e.g., Clemets v. Heston*, 20 Ohio App.3d 132, 135-36 (1985); *Ensman v. Ohio Dep't of Rehab. & Corr*., No. 06AP-592, 2006 WL 3743070, at * 2 (Ohio App. 10th Dist. Dec. 21, 2006).  Accordingly, the Court stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law."  *Minneci*, 132 S.Ct. at 626.

Similar to the plaintiff in *Minneci*, Plaintiff herein is a federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison for alleged Eighth Amendment violations that would typically fall within the scope of traditional Ohio state tort law.  Accordingly, Plaintiff's Eighth Amendment *Bivens* claim against Defendants Pugh, Johnson, Ruppeka, Hivner and Hall in their individual capacities fails to state a claim upon which relief may be granted and is, therefore, dismissed pursuant to 28 U.S.C. § 1915(e).

In light of the above, the Court finds the only potential claims remaining in the Complaint (ECF No. 1) are Plaintiff's Due Process and state law claims.  The Court will now consider the merits of those claims.

8

(4:12CV0093)

**B.     Due Process**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.  In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  It does not prohibit every deprivation by the government of a person's life, liberty, or property.  *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  Only those deprivations which are conducted without due process are subject to suit.  *Id.*

Plaintiff herein appears to be alleging violations of his substantive due process rights.  Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty."  *Palko v. Connecticut*, 302 U.S. 319, 325 (1937).  Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute.  *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993).  In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience."  *See United States v. Salerno*, 481 U.S. 739, 746 (1987).  These actions are unconstitutional regardless of the procedural protections provided.  *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he or she is subjected to some form of harassment by a government agency.  *Id.* at 833.  The conduct asserted

9

(4:12CV0093)

must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* (citation and internal quotation marks omitted).

Given a liberal construction, Plaintiff's substantive due process claim appears to be based on the allegation that Defendants' alleged deliberate indifference to his medical needs was so severe that it "shocks the conscience." This claim is based on the same facts as his Eighth Amendment deliberate indifference claim. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already determined that, pursuant to *Minneci*, Plaintiff does not state an Eighth Amendment deliberate indifference claim under *Bivens*. Because the Eighth Amendment guides this Court's analysis of Plaintiff's substantive due process claim, the Court finds that claim also may not proceed as a *Bivens* claim. Accordingly, Plaintiff's substantive due process claim is dismissed pursuant to 28 U.S.C. § 1915(e).

**C.    Violation of  28 C.F.R. § 541.12**

Plaintiff next alleges Defendants violated his rights under 28 C.F.R. § 541.12 by failing to provide him with adequate medical care. That provision is a BOP regulation regarding "Inmate rights and responsibilities." One of the rights listed in § 541.12 is "the right to health care, which includes. . . medical and dental treatment." 28 C.F.R,. § 541.12, item 4.

A prisoner lacks any interest in compliance with a regulation that is enforceable under the

10

(4:12CV0093)

Constitution unless it independently "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff has not alleged that the regulation at issue imposes any atypical and significant hardship upon him.  Moreover, the BOP regulation upon which Plaintiff relies does not confer any rights on prison inmates.  *Id.* at 482 (noting that "[prison] regulations [are] not designed to confer rights on inmates").  Therefore, Plaintiff's claim under § 541.12 is dismissed for failure to state a claim.

**D.      State Law Claim**

Finally, Plaintiff also alleges the state law tort of negligence.  Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

As set forth above, the Court has determined that the Complaint (ECF No. 1) fails to state any federal claims against the named Defendants.  It also appears the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.  That statute provides "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." § 1332(a)(1).  "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*,

11

(4:12CV0093)

7 U.S. (3 Cranch) 267 (1806)) (emphasis added).  That is, federal diversity jurisdiction exists only

when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-*

*Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  A party seeking to bring a case into federal court

carries the burden of establishing diversity jurisdiction.  *Boladian v. UMG Recordings, Inc.*, 123 Fed.

Appx. 165, 167 (6th Cir. 2005).

         The only information this Court has regarding Plaintiff's citizenship or domicile is that he

is presently incarcerated in Ohio.[3]  The Complaint  (ECF No. 1) does not list any addresses for

Defendants, stating only that CCA operates, and the individual Defendants are employed by,

NEOCC in Youngstown, Ohio.  The Court finds this information is insufficient to carry Plaintiff's

burden of demonstrating complete diversity.  Accordingly, and in the absence of either federal

question or diversity jurisdiction, the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise

supplemental jurisdiction over any state law tort claim asserted in this case.[4]

**E.       Motion for Appointment of Counsel**

         With regard to Plaintiff's request for counsel, it is well-settled that although a criminal

defendant has a Constitutional right to representation even if the defendant cannot afford counsel,

there is no similar right to counsel in civil litigation.  *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th

Cir. 1993).  Here, the motion (ECF No. 3) is denied because Plaintiff's federal claims are dismissed

with prejudice.

_____

         [3] The Complaint (ECF No. 1) contains no allegations regarding Plaintiff's pre-incarceration
domicile or his intended post-incarceration domicile.

         [4] The Court expresses no opinion concerning the validity of any alleged violation of Ohio
law.

(4:12CV0093)

## IV.  Conclusion

For the reasons set forth above, Plaintiff's federal claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).  Plaintiff's state law claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

  April 30, 2012                                  /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

13